CITY OF BANGOR *versus* JOHN LANCEY & *al.*

On the twentieth of July, a tax list accompanied by a warrant, duly authenticated, was committed to the collector, but the tax list was not under the hands of the assessors, as the statute requires; and on the fourth of October following, a supplementary or additional tax list, correcting certain errors or omissions in the first list, and expressly referring to it as containing the assessment for that year, was signed by a majority of the assessors, and committed to the collector, the two lists containing the assessments upon the polls and estates of the inhabitants of the city for that year.

*It was held* : —

That it was a sufficient compliance with the requirements of the statute, that the lists should bear upon them the official sanction of a majority of the assessors, evidenced by their signatures.

That by signing the supplementary list and therein referring to the former list, the assessors made a distinct declaration in their official character, and under their hands, that both lists constituted the list of assessments for that year.

And that such list, as a whole, must be considered as duly authenticated and committed to the collector after the fourth of October.

DEBT on a bond made by the defendants to the inhabitants of the city of Bangor, dated July 31st, 1837. The condition of the bond was as follows : — " The condition of this obligation is such, that whereas the said John Lancey has been chosen and qualified as collector of taxes for the said city the present year ; Now if the said Lancey shall faithfully discharge his duty as collector of taxes, then this bond shall be void, otherwise the same shall be and abide in full force and virtue."

At the trial before SHEPLEY J. the action was defaulted by consent, and it was agreed that if the Court should be of opinion, upon examining the evidence, that the plaintiffs are entitled to recover, the default was to stand. It was agreed that all records or copies, " as well as the original assessments, warrants and other papers, may be used by either party." No copies of any of the papers referred to, but of the bond, are found in the case. The case will, however, be sufficiently understood from the opinion of the Court.

*J. Appleton* and *Warren* argued for the defendants, and cited *Foxcroft* v. *Nevins*, 4 Greenl. 72 ; *Colby* v. *Russell*, 3 Greenl. 227 ; St. 1821, c. 116.

*Cutting.* argued for the plaintiffs, citing *Johnson* v. *Good-ridge,* 3 Shepl. 29 ; and *Ford* v. *Clough,* 8 Greenl. 334.

The opinion of the Court was drawn up by

Shepley J. — As decided in the case of *Lord* v. *Lancey,* *ante* p. 468, the bond in this case was correctly made to the inhabitants of the city. It is insisted, that there has been no breach of it, because no legal assessment was committed to the collector. It appears, that on the twentieth of July, 1837, a tax list accompanied by a warrant duly authenticated was committed to the collector, but the tax list was not under the hands of the assessors, as the statute requires. On the fourth of October following a supplementary or additional tax list, correcting certain errors or omissions in the first list, and expressly referring to it as containing the assessment for that year, was signed by a majority of the assessors and committed to the collector. These two lists contained the assessment on the polls and estates of the inhabitants of the city for that year.

It was decided in the case of *Johnson* v. *Goodridge,* 3 Shepl. 29, to be a sufficient compliance with the requirements of the statute, "that the lists should bear upon them the official sanction of a majority of the assessors, evidenced by their signatures." By signing the supplementary list and therein referring to the former list the assessors made a distinct declaration in their official character and under their hands, that both lists constituted the list of assessments for that year. And such list as a whole must be considered as duly authenticated and committed to the collector after the fourth of October. The condition of the bond providing for the faithful discharge of the duties of collector, the defendant must be responsible for any neglect of them. The default is to stand, and the amount is to be ascertained as agreed.